## J. B. EHRSAM v. JOHN H. MAHAN *et al.*

1. PRINCIPAL AND AGENT—*Ratification.* The acceptance of the services of attorneys, and the receipt of the avails thereof, operate as a ratification, and cure any want of authority in the agent who employed them.

2. EVIDENCE *Sustains Verdict.* The evidence examined, and *held* to be sufficient to sustain the verdict and judgment.

*Error from Dickinson District Court.*

ACTION by *John H. Mahan* and another against *J. B. Ehrsam* for services as attorneys. At the February term, 1890, plaintiffs had judgment and defendant brings error. The opinion states the facts.

*Stambaugh & Hurd*, for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: John H. Mahan and W. P. Seeds recovered a judgment against J. B. Ehrsam for $242, a balance alleged to have been due for legal services rendered in a right-of-way controversy between Ehrsam and a railway company. An award of damages had been made to Ehrsam for a right-of-way through his premises with which he was dissatisfied, and from which he desired to appeal to the district court. He authorized one Hoffman to employ counsel to take such steps as were necessary to perfect an appeal and protect his interests. On the part of Ehrsam, it was claimed that Hoffman employed Mahan only, and for no other purpose than to perfect an appeal, and that for this service he had paid Mahan

the sum of $25, which had been accepted as a full settlement of the case. On the part of the defendants in error, it was claimed and shown that Mahan and Seeds were associated together in a number of like appeals taken by the neighbors of Ehrsam, and the agreed compensation in each of the cases was 20 per cent. of any excess which they would recover over the award made by the condemnation commissioners, and that on the last day when Ehrsam could take an appeal Hoffman made a contract with Seeds by which Mahan and Seeds were to perfect and prosecute an appeal for the same compensation which others were paying them. Afterward Mahan and Seeds took charge of the case, perfected the appeal, and proceeded with the preparation for the trial. Witnesses were subpœnaed and evidence secured, and, at the term of the court when the trial was to occur, an agreement was made by which the railroad company paid Ehrsam $1,335 more than was awarded by the commissioners.

If the contract is as stated by Mahan and Seeds, they were entitled to recover the amount claimed, and if it is as claimed and testified to by Ehrsam and his witnesses, there was nothing due and no recovery could be had. The witnesses for the respective parties pointedly contradicted each other upon nearly all the essential facts in the case, but the jury, who heard the case, settled these disputes in favor of Mahan and Seeds. The finding of the jury, which has been confirmed by the trial court, substantially disposes of the case. While Hoffman's authority to employ anyone other than Mahan is denied, he states that he had authority in a general way to attend to the right-of-way business for Ehrsam; and it is admitted that Mahan was employed. According to the finding of the jury the only contract that was made was the one that was negotiated directly with Seeds through a telephone, upon the last day when an appeal could be taken. By that contract, Ehrsam was to pay for legal services 20 per cent. of any excess which might be obtained over the award, and that much one or both of the attorneys were entitled to recover. There was unquestioned authority to employ Mahan at least, and the

compensation to be paid one or both as found by the jury was exactly the same that was recovered, and, hence, Ehrsam has little ground to complain, so far as the amount of recovery is concerned. It appears that the negotiation was made with Seeds, and that he was the one who was most active in making and filing an appeal bond before the lapse of the limited time within which an appeal could be taken. Thereafter, he coöperated with Mahan in the preparation for the trial. While Ehrsam may not have expressly authorized the employment of Seeds with Mahan, he accepted the fruits of his services, which were substantial in amount, and which would have been lost had it not been for the timely taking of the appeal. If there was any want of authority, the acceptance of the services and the receipt of the money obtained through his services would, under the circumstances of this case, operate as a ratification and render Ehrsam liable for the contract price of the services.

There is some criticism of the instructions, but we discover no prejudicial error in them, nor do we see any ground for disturbing the verdict or judgment. Judgment affirmed.

All the Justices concurring.